UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYDNEY A. PETILLO,<br><br>                 Petitioner,<br><br>    v.<br><br>WARDEN CLARK,<br><br>                 Respondent. | Case No. 2:20-cv-8408-GW (MAR)<br><br>MEMORANDUM AND ORDER DISMISSING CASE |

**I.**

**INTRODUCTION**

On September 8, 2020, Sydney A. Petillo ("Plaintiff") filed a pro se Civil Rights Complaint ("Complaint") pursuant to 42 U.S.C. § 1983 ("section 1983"). ECF Docket No. ("Dkt.") 1. On February 12, 2021, the Court dismissed the Complaint with leave to amend, granting Plaintiff twenty-one (21) days to file a First Amended Complaint ("FAC"). Dkt. 11 at 8. To date, Plaintiff has not filed a FAC. For the reasons below, the Court **DISMISSES** this action, without prejudice.

**II.**

**BACKGROUND**

On September 8, 2020, Plaintiff filed the Complaint. Dkt. 1. On February 12, 2021, the Court dismissed the Complaint with leave to amend., Dkt. 11. On March 9,

1  2021, the Court ordered Plaintiff to show cause why the Complaint should not be
2  dismissed for failure to prosecute, given that he had not filed a First Amended
3  Complaint or requested an extension of time. Dkt. 13 at 2.
4       On March 29, 2021, Plaintiff filed a "Motion to Dismiss with Leave to Amend"
5  ("Motion"). Dkt. 15. On April 7, 2021, the Court asked Plaintiff to clarify whether
6  the Motion sought to voluntarily dismiss the Complaint pursuant to Rule 41(a)(1)(A),
7  or whether Plaintiff sought leave to amend his claims or requested relief. Dkt. 16.
8  On April 15, 2021, Plaintiff filed an unclear "Motion for Summary Judgment," which
9  the Court construed as a request for an extension of time[1] to respond to the Court's
10 April 7, 2021 Order. Dkt. 17. Plaintiff's response was due on May 12, 2021. Dkt. 18.
11      On June 23, 2021, this Court issued an Order to Show Cause ("OSC") ordering
12 Plaintiff to show by July 14, 2021 why this action should not be dismissed for failure
13 to prosecute. ECF Docket No. ("Dkt.") 19. Plaintiff was warned that "[f]ailure to
14 respond to the Court's Order **may** result in the dismissal of the action." Id.
15 (emphasis added). Plaintiff did not respond to the Court's June 23, 2021 OSC.
16      On August 6, 2021, this Court issued a second OSC ordering Plaintiff to
17 respond to the Court's previous Orders. Dkt. 20. Plaintiff was warned that he "must
18 comply…**by August 20, 2021,** or this action **will** be dismissed for failure to
19 prosecute." Dkt. 20 (emphasis in original). Plaintiff has not corresponded with the
20 Court at all since April 14, 2021.

### III.
### DISCUSSION

**A.  APPLICABLE LAW**

24      District courts have sua sponte authority to dismiss actions for failure to
25 prosecute or to comply with court orders. See Fed. R. Civ. P. 41(b); Link v. Wabash
26 R.R. Co., 370 U.S. 626, 629–30 (1962); Hells Canyon Pres. Council v. U.S. Forest

---

[1] The caption of the Motion, Dkt. 17, read as follows: "Motion for Summary Judgment Motion to Extend Time."

2

1 Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating courts may dismiss an action under
2 Federal Rule of Civil Procedure 41(b) sua sponte for a plaintiff's failure to prosecute
3 or comply with the Federal Rules of Civil Procedure or the court's orders); Ferdik v.
4 Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) (ordering dismissal for failure to
5 comply with court orders).
6     In deciding whether to dismiss for failure to prosecute or comply with court
7 orders, a district court must consider five (5) factors: "(1) the public's interest in
8 expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the
9 risk of prejudice to the defendants; (4) the public policy favoring disposition of cases
10 on their merits; and (5) the availability of less drastic sanctions." Omstead v. Dell,
11 Inc., 594 F.3d 1081, 1084 (9th Cir. 2010) (quoting Henderson v. Duncan, 779 F.2d
12 1421, 1423 (9th Cir. 1986)).
13     "[The Ninth Circuit] 'may affirm dismissal where at least four factors support
14 dismissal . . . or where at least three factors "strongly" support dismissal.'" Yourish v.
15 California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999) (quoting Hernandez v. City of
16 El Monte, 138 F.3d 393, 399 (9th Cir. 1998)). In a case involving sua sponte
17 dismissal, however, the fifth Henderson factor regarding the availability of less drastic
18 sanctions warrants special focus. Hernandez, 138 F.3d at 399.

19 **B. ANALYSIS**

20     **1. The public's interest in expeditious resolution of litigation**

21     In the instant action, the public's interest in expeditious resolution of litigation
22 weighs in favor of dismissal. See Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir.
23 2002) ("The public's interest in expeditious resolution of litigation always favors
24 dismissal." (quoting Yourish, 191 F.3d at 990) (internal quotation omitted)). Plaintiff
25 has not filed a First Amended Complaint in compliance with the Court's February 12,
26 2021 Order Dismissing the Complaint with Leave to Amend ("ODLA") or otherwise
27 responded to the Court's June 23, 2021 OSC. In fact, Plaintiff has not corresponded
28 with the Court at all since he filed his Motion on April 14, 2021. Dkt. 17. Given that

3

1  Plaintiff has failed to interact with the Court for over four (4) months, this factor
2  weighs in favor of dismissal.  <u>See</u> Dkt. 17; <u>see also</u> <u>Pagtalunan</u>, 291 F.3d at 642
3  (finding that the plaintiff's failure to pursue the case for almost four (4) months
4  weighed in favor of dismissal).

5      **2.    The Court's need to manage its docket**

6      The second factor—the Court's need to manage its docket—likewise weighs in
7  favor of Dismissal.  Courts have "the power to manage their dockets without being
8  subject to the endless vexatious noncompliance of litigants."  <u>See</u> <u>Ferdik</u>, 963 F.2d at
9  1261.  As such, the second factor looks to whether a particular case has "consumed . .
10 . time that could have been devoted to other cases on the [Court's] docket."  <u>See</u>
11 <u>Pagtalunan</u>, 291 F.3d at 642; <u>Edwards v. Marin Park, Inc.</u>, 356 F.3d 1058, 1065 (9th
12 Cir. 2004) ("[R]esources continue to be consumed by a case sitting idly on the court's
13 docket.").

14     On February 12, 2021, the Court issued an Order Dismissing the Complaint
15 with Leave to Amend ordering Plaintiff to file a FAC within twenty-one (21) days of
16 the service date of the Order.  Dkt. 11.  The ODLA explicitly cautioned Plaintiff "that
17 failure to timely comply with this Order may result in a recommendation of
18 dismissal." <u>Id.</u> at 9.

19     On June 23, 2021, after Plaintiff failed to respond to the ODLA, the Court
20 issued an OSC why the Complaint should not be dismissed for lack of prosecution.
21 Dkt. 19.  The Court issued a second OSC on August 6, 2021, warning that failure to
22 respond will result in dismissal.  Dkt. 20.

23     Plaintiff has failed to comply, or otherwise respond, to any of the Court's
24 Orders, all of which warned Plaintiff that his failure to comply could or would result
25 in the recommended dismissal of the instant action.  <u>See</u> Dkts. 11 at 9; 19; 20.
26 Plaintiff's failure to prosecute and follow Court Orders hinders the Court's ability to
27 move this case toward disposition and suggests Plaintiff does not intend to or cannot
28

1  litigate this action diligently.  Consequently, the Court's need to manage its docket
2  favors dismissal here.

### 3. The risk of prejudice to Defendant

The third factor—prejudice to Defendant(s)—also weighs in favor of dismissal. A rebuttable presumption of prejudice to defendant arises when plaintiffs unreasonably delay prosecution of an action. See In re Eisen, 31 F.3d 1447, 1452–53 (9th Cir. 1994) ("[T]he failure to prosecute diligently is sufficient by itself to justify dismissal . . . [t]he law presumes injury from unreasonable delay.").

Nothing suggests such a presumption is unwarranted in this case.  Plaintiff has not provided any reason for his failure to comply with either the Court's ODLA or OSC and for his failure to communicate with the Court since he filed his Motion on April 14, 2021.  Dkt. 17.  Given the length of the delay, the Court finds Plaintiff's delay in prosecuting this case to be unreasonable.  Thus, prejudice is presumed and weighs in favor of dismissal.  See, e.g., In re Phenylpropanolamine (PPA) Prod. Liab. Litig., 460 F.3d at 1227 ("The law . . . presumes prejudice from unreasonable delay.").

### 4. Public policy favoring disposition on the merits

The fourth factor—public policy in favor of deciding cases on the merits—ordinarily weighs against dismissal.  See In re Phenylpropanolamine (PPA) Prod. Liab. Litig., 460 F.3d at 1228.  Here, as it usually does, the fourth factor weighs against dismissal.  It is, however, Plaintiff's responsibility to move towards disposition at a reasonable pace and avoid dilatory and evasive tactics.  See Morris v. Morgan Stanley, 942 F.2d 648, 652 (9th Cir. 1991).  Plaintiff has not discharged this responsibility despite having been:  (1) instructed on his responsibilities; (2) granted sufficient time in which to discharge them; and (3) warned of the consequences of failure to do so.  See Dkts. 11 at 9; 19; 20.  Under these circumstances, and without any other information from Plaintiff, the policy favoring resolution of disputes on the merits does not outweigh Plaintiff's failure to obey Court Orders or to file responsive documents within the time granted.

5

**5.     Availability of less drastic alternatives**

The fifth factor—availability of less drastic sanctions—also weighs in favor of dismissal.  A "district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives."  Henderson, 779 F.2d at 1424.  Less drastic alternatives to dismissal include warning a party that dismissal could result from failure to obey a court order.  See Malone v. U.S. Postal Service, 833 F.2d 128, 132 n.1 (9th Cir. 1987).  Further, "a district court's warning to a party that his [or her] failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement."  Ferdik, 963 F.2d at 1262 (citations omitted).

Here, the Court cannot move the case toward disposition without Plaintiff's compliance with Court Orders or participation in this litigation.  Plaintiff has shown he is either unwilling or unable to comply with Court Orders by filing responsive documents or otherwise cooperating in prosecuting this action.  Given this record, the Court finds that any less drastic alternatives to dismissal would be inadequate to remedy Plaintiff's failures to obey Court Orders and to prosecute.

**6.     Summary**

Finally, while dismissal should not be entered unless Plaintiff has been notified dismissal is imminent, see W. Coast Theater Corp. v. City of Portland, 897 F.2d 1519, 1523 (9th Cir. 1990), the Court has warned Plaintiff about the potential dismissal in the February ODLA and in two separate OSCs.  See Dkts. 11 at 9; 19; 20.

As discussed above, four (4) of the Rule 41(b) factors weigh in favor of dismissal.  Accordingly, this action is subject to dismissal.

## IV.

## **ORDER**

**IT IS THEREFORE ORDERED THAT** Petitioner's case is **DISMISSED** without prejudice.

Dated: September 8, 2021

_____
HONORABLE GEORGE H. WU
United States District Judge

Presented by:

_____
MARGO A. ROCCONI
United States Magistrate Judge